

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

District of Columbia

───────────────────────────────────────────────

Judiciary Center
555 Fourth St., N.W.
Washington, D.C. 20530

May 4, 2007

**FILED**

MAY 1 7 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>**VIA FACSIMILE TRANSMISSION**</u>

John Jeffress, Esq.
Assistant Federal Public Defender
625 Indiana Ave., N.W.
Washington, D.C. 20004

    Re:    <u>**United States v. Aubrey Shepard**</u>
            *Criminal No. 07-085 (RMU)*

Dear Mr. Jeffress:

      This letter sets forth the full and complete plea offer to your client, Aubrey Shepard, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire after Thursday May 10, 2007. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

**<u>Charges and Statutory Penalties</u>**

      1.    Your client agrees to admit guilt and plead guilty to Counts 1 and 2 of the Indictment, that is, Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1) (Count 1), and Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count 2). Your client understands that pursuant to 18 U.S.C. §§ 2252(b)(1) and 3571(b)(3), the charge of Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct carries a minimum sentence of five (5) years' imprisonment and a maximum sentence of twenty (20) years' imprisonment, a fine not to exceed $250,000, and, pursuant to 18 U.S.C. § 3583(k), a term of supervised release of years up to life. Your client further understands that pursuant to 18 U.S.C. §§ 2422(b) and 3571(b)(3), the charge of Attempted Coercion and Enticement of a Minor carries a minimum sentence of ten (10) years' imprisonment and a maximum sentence of life, a fine not to exceed $250,000, and, pursuant to 18 U.S.C. § 3583(k), a term of supervised release of years up to life. Your client

further understands that eligibility for parole, probation, and suspended sentences are not applicable to persons sentenced under these subparagraphs. Finally, your client also understands and agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

      2.      Your client understands that he will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553(c) through (f), upon consideration of the United States Sentencing Commission Guidelines Manual (hereinafter "Sentencing Guidelines" or "U.S.S.G."), which will apply to determine your client's guideline range. Your client further understands that pursuant to 18 U.S.C. § 3571, and Section 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment and/or term of supervised release.

      3.      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached "Statement of the Offense," and agrees, at the time of sentencing, to dismiss the remaining charges in the pending Indictment. Your client agrees that with respect to any and all dismissed charges your client is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

### Factual Stipulations

      4.      Your client shall agree that the Statement of the Offense fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of Offense as a written proffer of evidence.

### Sentencing Guidelines

      5.      Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> current on the date of the offense, (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following. <u>Nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment not specifically referenced herein to the defendant's base offense level.</u>

A.  **Offense Level under the Guidelines**

**18 U.S.C. § 2252(a)(1)**

**Section 2G2.2**

| | | |
|---|---|---|
| Estimated Base Offense Level | | 22 |

Applicable Specific Offense Characteristics

| | | |
|---|---|---|
| (b)(2) | Material involved prepubescent minor or minor who had not attained the age of 12 years | +2 |
| (b)(3)(F) | Distribution | +2 |
| (b)(4) | Offense involved material that portrays sadistic conduct or other depictions of violence as further described in the Statement of the Offense | +4 |
| (b)(5) | Pattern of activity involving the sexual abuse or exploitation of a minor as further described in the Statement of the Offense | +5 |
| (b)(6) | Use of a computer in the commission of the offense | +2 |
| (b)(7) | Offense involved the distribution of 600 or more images of child pornography material | +5 |

**18 U.S.C. § 2422(b)**

**Section 2G1.3**

| | | |
|---|---|---|
| Estimated Base Offense Level | | 24 |

Applicable Specific Offense Characteristics

| | | |
|---|---|---|
| (b)(3) | Use of a computer in the commission of the offense | +2 |
| (b)(5) | Offense involved a minor who had not attained 12 years of age | +8 |

3

### B.      Adjustment for Acceptance of Responsibility

6.      Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G., Section 3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence, and that the adjusted base offense level is level 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G., Section 3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

### Agreement as to Sentencing Allocution

7.      The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). However, the parties agree that either party may seek a sentence outside of the Guideline Range established by the Sentencing Guidelines and may suggest that the court consider a sentence outside of that Guidelines Range based upon the factors to be considered in imposing sentence pursuant to 18 U.S.C. § 3553(a).

8.      Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

9.      In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

10.      It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In

4

the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

11. It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Forfeiture

12. Your client agrees to waive your client's interest in, and not to contest the forfeiture of any property used or intended to be used by your client to commit the offenses to which he is pleading guilty, including, but not limited to: all computers and computer-related equipment seized from your client's Benton, Arkansas, residence; video camera and related video recording equipment seized from your client at the time of his arrest; and $661 U.S. currency, which also was recovered from your client subsequent to his arrest. Your client also acknowledges and will agree that the Government reserves its right to bring a civil action(s), if necessary, for the forfeiture of any of your client's assets, real or personal, that are subject to forfeiture pursuant to any federal statute.

### Detention

13. Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C., Section 3143, your client remain detained without bond pending your client's sentencing in this case.

### Sexual Offender Registration

14. Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 and 41 U.S.C. § 16911(2), he is required to register as a sex offender for a period of twenty-five (25) years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his

5

obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. § 2250, he could be prosecuted for the offense of failure to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. § 3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Breach of Agreement

15. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

16. Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

17. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

18. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Constitutional and Statutory Rights

19. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense(s) to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Waiver of Statute of Limitations

20. It is further agreed that should the convictions following your client's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

21. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

22. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

23. Your client further understands that this Agreement is binding only upon the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

24.  If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

*Jeffrey A. Taylor (DWT)*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  *Donnell W. Tu—*
Donnell W. Turner
Assistant United States Attorney
Maryland Bar
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4235
Washington, D.C. 20530
(202) 305-1419

8

## DEFENDANT'S ACCEPTANCE

I have read all 8 pages of the foregoing plea agreement and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 5-18-07

_____
Aubrey Shepard
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the 8 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 5/17/07

_____
John Jeffress, Esquire
Attorney for the Defendant