UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-085 (RMU) |
| v. | : | |
| AUBREY SHEPARD, | : | **FILED** |
| Defendant | : | MAY 1 7 2007 |
| | : | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

**GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I. ELEMENTS OF THE OFFENSE:

    A.    The essential elements of the offense of Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(1), are:

        1.    that the Defendant knowingly transported or shipped in interstate commerce, including by computer or mails, any visual depiction;

        2.    the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

        3.    such visual depiction is of such conduct.

    B.    The essential elements of the offense of Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b), are:

        1.    that the Defendant, while using the mail or any facility or means of

interstate commerce, including the computer, knowingly attempted to persuade, induce, entice or coerce an individual who had not yet attained 18 years of age (*i.e.*, a minor) to engage in unlawful sexual activity; and

2. the Defendant believed that the individual whom he was attempting to persuade, induce, entice, or coerce to engage in unlawful sexual activity was a minor.

C. Definitions:

1. The term *child pornography* means any visual depiction, including any photograph, film, video, picture, or computer or computer generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct or such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

2. The term *minor* means any person under the age of eighteen (18) years.

3. The term *identifiable minor* means a person who was a minor at the time the visual depiction was created, adapted, or modified or whose image as a minor was used in creating, adapting or modifying the visual depiction and who is recognizable as an actual person by the person's face, likeness, or other distinguishing characteristic, such as a unique birthmark or other recognizable feature; provided that the Government is not required to prove the actual identity of the identifiable minor.

    4.    The term *visual depiction* includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

    5.    The term *unlawful sexual activity* is any sexual activity for which any participant in the activity can be charged with a criminal offense. Sexual intercourse between a child under the age of 16 and a person at least 4 years older than that child is unlawful in the District of Columbia and is an offense for which the older participant can be criminally charged. See 22 D.C. Code § 3008.

    6.    *Attempted persuasion, inducement, enticement, or coercion of a minor* includes attempting to cause the child to engage in unlawful sexual activity through communications with an adult intermediary, whether the adult intermediary is an actual intermediary or a law enforcement officer or agent acting in an undercover capacity. See United States v. Hornaday, 392 F.3d 1306 (11th Cir. 2004); United States v. Murrell, 368 F.3d 1283 (11th Cir. 2004).

II.    COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    PENALTIES:

    A.    Pursuant to 18 United States Code § 2252(a)(1), Transportation of Visual Depictions of Minors Engaging in Sexually Explicit Conduct carries a minimum sentence of five (5) years' imprisonment and a maximum sentence of twenty (20)

years' imprisonment.

B. Pursuant to 18 United States Code § 2422(b), Attempted Coercion and Enticement of a Minor carries a minimum sentence of ten (10) years' imprisonment and a maximum sentence of life.

IV. <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA, AND RELATED CONDUCT</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

On February 28, 2007, Detective Timothy Palchak, a member of the Metropolitan Police Department (MPD) Regional Internet Crimes Against Children Task Force, began an investigation in search of individuals who *inter alia*, possessed, distributed, produced, or received images of child pornography, and individuals who used the internet to engage in the attempted coercion, inducement, and enticement of minors to engage in unlawful sexual conduct. As part of this investigation, Palchak, within the District of Columbia, entered an online public teen picture chat room (free6.com) in an undercover capacity. At approximately 7:35 p.m., Palchak observed a message that was posted by an unknown individual using the screen name, "hornyoman." The message read: "Any parent out there willing to share their kid with a horny old man[?]" Palchak responded to the message and asked the individual whether he would like to communicate further in a private chat room, and the individual agreed.

Within minutes after their initial contact, Detective Palchak and the individual had resumed their conversation in a private chat room. Shortly thereafter, the individual added Palchak to his MSN "buddy list" using the screen name "Lynn" and the e-mail address

"mymanlynn@hotmail.com, while Palchak used the screen name "James." Subscriber information later obtained in response to a subpoena revealed that the individual using the e-mail address "mymanlynn@hotmail.com" had a user name of "Lynn Shepard," and an address of 1115 Watson Place, Benton, Arkansas. Further investigation revealed that the Defendant, whose full name is Aubrey Lynn Shepard, with a date of birth of April 15, 1943, resided at the above-named address.

Right away, the Defendant stated that he was interested in having sex with children 12 years of age and under, and he further stated, "the younger the better." Palchak then told the Defendant that he had been sexually active with a 10-year old girl named "Kia," whose mother, he said, was a prostitute. In response, the Defendant asked Palchak how often he had sex with "Kia," and then asked whether he too could have sex with "Kia." At one point during this conversation, the Defendant told Palchak that he "would love for 1 of us to fu[c]k her ass and the other her pussy." Also during this conversation, Palchak told the Defendant that he had an 11-year old daughter named "Amanda." Upon learning this and over time, the Defendant began to express interest in both he and Palchak having sex with "Amanda." Palchak, however, expressed concern that having sex with "Amanda" might prove difficult because she might later tell her mother. In response, the Defendant suggested that they try using sleeping pills to render "Amanda" unconscious while they had sex with her. He also suggested that could they conceal the sleeping pills in a soft drink when they gave it to "Amanda," and he came up with the story that when "Amanda" regained consciousness, they could explain her soreness by telling her that she had fallen down and injured herself.

From February 28, 2007, through March 30, 2007, the Defendant, from his home in

Benton, Arkansas, and Detective Palchak, from the District, chatted online almost daily. In addition, on at least three occasions, including on or about March 12, March 14, and April 1, 2007, the Defendant spoke to Palchak by telephone. During these online and telephone conversations, the Defendant repeatedly expressed great interest in traveling to the District of Columbia and having sex with both "Kia" and "Amanda." At one point during these conversations, the Defendant offered to pay money to "Kia's" mother in exchange for having sex with her.

Eventually, Palchak agreed to meet with the Defendant and allow him to have sex with "Kia" and "Amanda." To accomplish this, the Defendant began planning to drive from Arkansas to the District in early April, and when Palchak suggested that he, the children and the Defendant meet at a hotel in the District, the Defendant began contacting hotels within the District in order to make reservations. Eventually, the Defendant reserved a room to stay at the Super 8 Motel located on New York Avenue, in Northeast, Washington, D.C. The Defendant further informed Palchak that he would begin driving from Benton, Arkansas, to the District early on April 2, 2007, and that he expected to arrive at the Super 8 Motel the morning of April 3, 2007.

In preparation for his trip to the District to have sex with "Kia" and "Amanda," the Defendant advised Palchak that he had purchased some penis "enhancer" cream, sleeping pills to give to "Amanda," and fruit drinks in which the place the pills to give to her. In addition, the Defendant told Palchak that he had attempted to purchase Viagra, but was unsuccessful in doing so. He therefore asked Palchak to purchase the Viagra for him and the Defendant would reimburse Palchak when he arrived in the District. Palchak agreed. The Defendant also indicated that he would also bring with him some movies depicting child pornography and

explained that he wanted to show them to "Kia" in order to entice her to engage in various sexual acts with the Defendant. Finally, the Defendant told Palchak that he planned on bringing his video camera with him so that he could memorialize his sexual activity with "Kia" and "Amanda." In addition, the Defendant told Palchak that he planned to share the child pornography that he produced while in the District, with an individual from New York, with whom the Defendant stated he had also been chatting online, in exchange for the individual allowing him to have sex with a 12-year old girl child residing there as well.

On numerous occasions during the course of the online conversations between the Defendant and Palchak, the Defendant sent Palchak approximately 60 movie files and approximately 70 images of children engaged in various explicit sexual acts with adult men and women. Included in these movie files and images were depictions of prepubescent female children and infants with adult males' penises in their mouths, and depictions of prepubescent female children being vaginally penetrated by adult males' penises. Examples include (1) an image with the file name **CP_998**, sent by the Defendant to Palchak on March 14, 2007, at 11:25:30 p.m., which depicts an infant apparently four months old with an adult penis in his/her mouth; (2) a movie file with the name **!!NEW!! beauty-Slurping.mpg**, sent by the Defendant on March 14, 2007, at 9:08:52 p.m., which depicts a female child apparently two years old with an adult penis in her mouth; (3) a movie file with the name **_saycum(1)**, sent by the Defendant on February 28, 2007, at 8:49:18 p.m., which depicts a female child apparently five years old with an adult male ejaculating semen in her mouth and on her face; (4) a movie file with the name **1st mom thn dad[1].mpeg**, sent by the Defendant on February 28, 2007, at 8:51:51 p.m., which depicts a female child apparently three years old, first with an adult female who is licking the

child's vagina, then with an adult male who vaginally penetrates her; (5) a movie file with the name **03-weint-babyshivid assfucked full.avi**, sent by the Defendant on March 14, 2007, at 9:00:47 p.m., which depicts a female child apparently 4 years old who is visually observed and heard crying hysterically while being anally penetrated by an adult male's penis; and (6) a movie file with the name **(Pthc) (Hussyfan) (Kingpass) (Vicky) (Lordofthering) (Mo (1)(1).avi**, sent by the Defendant on March 14, 2007, at 9:16:57 p.m., which depicts a female child apparently 2 years old who is heard and visually observed crying as she is being vaginally penetrated by an adult male's penis.

From on or about April 1, 2007, until his arrest the morning of April 3, 2007, the Defendant and Detective Palchak periodically kept in contact by telephone. During these phone calls, the Defendant kept Palchak apprised of the progress of his travel to the District. The morning of April 3, 2007, the Defendant arrived on schedule at the Super 8 Motel on New York Avenue, where he was promptly arrested by members of FBI and MPD. At the time of his arrest, the Defendant asked the arresting officer whether he was "James." After his arrest, police and FBI agents found that his car contained a video camera and video tapes, penis enhancer cream, lubricants, sleeping pills, various fruit drinks, numerous DVD discs found to contain approximately 144 movie files and over 1900 images containing child pornography, stuffed animals, and $661 cash. FBI agents also searched the Defendant's home on the date he was arrested. Among the items seized from his apartment were three computers, papers which listed numerous pornography website addresses, and a letter to his daughter in which he admitted that he had a "problem" he "[could not] seem to control," and that he would eventually "end up in jail" as a result.

8

Subsequent to his arrest, Detective Palchak spoke to the defendant after advising him of his Miranda rights and the Defendant waived them. In a videotaped confession to the police, the Defendant admitted that (1) he was in fact the person who, using the screen name "hornyoman," had posted a message soliciting the providing of children for sex in the teen picture chat room; (2) he had subsequently chatted online with Palchak from February 28 through March 30, 2007, and had attempted to persuade Detective Palchak to allow him to have access to two minor children, "Kia" and "Amanda," in order that he could engage in sexual activity with them; (3) had sent numerous images and movie files to Palchak that contained child pornography; and (4) had traveled from Arkansas to the District of Columbia, where he intended to have sex with "Kia" and "Amanda."

Moreover, during the course of his online chats and telephone conversations with Palchak, and finally in his confession to the police, the Defendant admitted that he had sexually assaulted his daughter before she reached age 12, and he further admitted that on one of those occasions he vaginally penetrated her. The Defendant also admitted during his confession that several months prior to his arrest on April 3, 2007, from his home in Arkansas and over the internet, he attempted to entice and persuade a twelve-year-old minor living in South Dakota to have sex with him. The Defendant further acknowledged that after communicating with the 12-year old child online, he traveled from Arkansas to South Dakota to engage in sexual conduct with the child. Finally, he stated that ultimately he did not meet with the 12-year old child because she failed to show up at a hotel where they had arranged to meet and he was unable to locate her address.

The images and movie files that the Defendant sent to Detective Palchak, as well as those

that were recovered from the Defendant's vehicle, traveled in interstate commerce by means of the Internet, or by transport, and were images of actual minor children.

### Limited Nature of Proffer

This proffer of evidence is not intended to constitute a complete statement of all facts known by the government or the Defendant, but is instead a minimum statement of facts intended to provide the necessary factual predicate for the guilty plea in this case. In addition, this proffer contains facts which relate to specific offense characteristics under Section 2G2.2(b) of the Sentencing Guidelines that the parties agree are applicable in this case. The limited purpose of this proffer is to demonstrate that there exists a sufficient legal basis for the Defendant's plea of guilty and to support the specific offense characteristics that are included in the agreement.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

Donnell W. Turner
Assistant United States Attorney
555 4th Street, N.W., Room 4235
Washington, DC 20530

## DEFENDANT'S ACCEPTANCE

I have read the above 10-page proffer and have discussed it with my attorney, Jonathan Jeffress, Esquire. I fully understand the proffer and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully. I am pleading guilty because I am in fact guilty of the offenses describe above.

Date: 5-17-07

Aubrey Shepard
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 5/17/07

John Jeffress, Esq.
Attorney for Defendant