## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 07-085 (GK)** |
| | : | |
| **TROY LEWIS** | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE
## EVIDENCE PURSUANT TO FEDERAL RULES OF EVIDENCE 404(b) AND 414

The United States Attorney, by and through the United States Attorney for the District of Columbia, hereby moves *in limine* for admission of certain evidence pursuant to Federal Rules of Evidence 404(b) and 414. The government relies upon the points and authorities cited herein and at any hearing on this matter to support its request for admission of this evidence.

I.     PROCEDURAL BACKGROUND

On May 2, 2007, a federal grand jury indicted the defendant, Troy Lewis, on one count of Attempted Coercion and Enticement of a Minor, in violation of 18 U.S.C. § 2422(b) (Count One) and one count of Traveling with the Intent to Engage in Sex with a Minor, in violation of 18 U.S.C. § 2423(b) (Count Two). Trial is scheduled for October 1, 2007.

II.     FACTUAL BACKGROUND

On April 23, 2007, a Metropolitan Police Department detective working in an undercover capacity entered an Internet chat room known to him to be used by individuals who talk about having sex with young children. The detective, using the screen name, "daughterlover_Maryland," was contacted in the chat room by the defendant who used the name "pudendal518." The defendant asked the undercover officer whether he in fact had a daughter and the undercover said that he did.

The defendant and the undercover officer then engaged in a private on-line chat, that is one not public to other individuals in the chat room, from approximately 3:43 p.m. until 5:18 p.m. and again from approximately 6:20 p.m. to 6:29 p.m. During the initial conversation, the undercover officer indicated that he had limited sexual contact with his fictitious daughter, and that he had sexual intercourse with a ten year-old girl whom he described as the daughter of a crack-addicted prostitute. The officer sent a photograph of a young girl to the defendant, whom he called "K," and said that he was able to have sex with the child because he paid her mother money.

During the course of the on-line conversation, the defendant expressed interest in the undercover's purported relationship with the child. At one point the defendant asked the undercover where he thought the defendant should go that afternoon for oral sex and the undercover asked whether he wanted "anyone or preteen"; the defendant said he doubted that what he wanted was available. The undercover then indicated that he might consider sharing the ten year-old as he had discussed that with others, but did not want to get caught in a trap because the other individuals did not sound sincere anyway. The defendant responded: "Oh, I am sincere as f.... Kinda skittish though."

At another point during the conversation, the defendant and the undercover agreed to meet in a public place prior to the meeting with child. The defendant made a statement to the effect that if he met the undercover officer it would be only for the purpose of discussing a fantasy in which neither one of them would actually engage. Almost immediately after making that statement, however, the defendant asked the officer what the child's mother would think concerning someone other than the undercover's being with the child. He and the undercover

2

then discussed specific sex acts and whether the defendant would use a condom while engaging in sex with the child.

The undercover officer indicated that he did not know whether he could arrange to have the child available that evening and would contact the defendant later. After approximately an hour, he contacted the defendant on-line and said that the child's mother could meet with the defendant later that evening or the following evening. The defendant stated he was available that night and arranged to meet the undercover at a bar in Washington, D.C. At approximately 8:10 p.m., the defendant arrived at the agreed upon location. After a short conversation with the undercover officer in which they confirmed each others on-line identities, he was arrested.

On  April 24, 2007, a search warrant issued by the United States District Court for the District of Maryland was executed at the defendant's residence in Silver Spring, Maryland.   In a dresser drawer in the bedroom used exclusively by the defendant, agents found still and video images of child pornography wrapped inside a pair of men's underpants.  The images were exclusively of prepubescent female children ranging in age from approximately three years-old to approximately ten years-old.  In the photographs and videos, the children were shown  engaging in oral, anal and vaginal intercourse with adult males.   One video depicted men ejaculating on approximately fifteen girls who appeared to be three to four years of age.

Also recovered from the defendant's bedroom was a laptop computer. During a forensic analysis of the laptop computer, the photograph of "K" that the undercover officer sent to the defendant was found.  Also on the computer were additional images of young girls who appeared to be between the ages of 8 and 13 years old.  These images depict child erotica, that is children in sexually suggestive poses, such as girls taking off their trainer bras.  The images had sexually

suggestive titles, such as: "9 year old Stephanie Taking off her Bra," "Boom and her Sucker," and "Yes, lick it Boom!"[1]

III.    LEGAL ARGUMENT

A.    Summary of Argument

For the reasons set forth below, evidence that the defendant possessed images of child pornography and erotica depicting prepubescent females is admissible at trial in this case for the purpose of proving his intent to commit the charged offenses pursuant to Federal Rules of Evidence 404(b) and 414.  In addition, pursuant to Fed. R. Evid. 414, the evidence is admissible to demonstrate his unusual sexual preference for prepubescent females and his propensity to commit sexual offenses involving them.

B.    Evidence of the Defendant's Possession of Child Pornography and Erotica is Admissible under Fed. R. Evidence 404(b)

All relevant evidence is admissible, except as provided by the Constitution of the United States, by Act of Congress, by the Federal Rules of Evidence, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  See Fed. R. Evid. 402.  Evidence is relevant if it tends to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  See Fed. R. Evid. 401 .

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake.  See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000).  Importantly, this rule is one of "inclusion rather than exclusion."

---

[1] The images of child pornography and child erotica seized from the defendant will be presented to the Court for its review.

Id. at 929.  As the Court of Appeals has noted en banc, while "the first sentence of the rule is

framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes

evidence in but one circumstance – for the purpose of proving that a person's actions conformed

to his character."  United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998)(internal

quotations omitted).  In short, " Rule 404(b) bars not evidence as such, but a theory of

admissibility."  Id.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir.

2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in

original)), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character,

but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before

. . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper

purpose so long as the evidence is not offered solely to prove character.'"  Id. (emphasis in

original).

       In the instant case, evidence that the defendant collected images of young girls engaged in

sexual acts, and posing in sexually suggestive manners, is relevant to prove his intent to commit

the charged offenses. The government has charged in Count One of the Indictment that the

defendant attempted to induce a child known to him as "K" and whom he believed was ten years

old, to engage in sexual intercourse with him. In Count Two the government has charged that he

traveled from Maryland to the District of Columbia for the purpose in engaging in illicit sexual

conduct, that is sexual intercourse with a ten year old girl.

        In order to establish the essential elements of Count One, the government must prove

that the defendant attempted to induce the child to engage in sexual conduct; in Count Two the

government must prove that the defendant traveled with the intent to engage in sexual conduct

with the child.  Evidence that he collected images of other young girls engaged in sex acts and posing suggestively makes it more likely than not that his intention in meeting "K" was to engage in sexual conduct with the child.  The defendant's past conduct is  powerful evidence from which the jury can infer the defendant's state of mind as to the charged offenses.  See  Huddleston v U.S. , 485 U.S. 681, 6859 (1988)  ("[e]xtrinsic acts evidence may be critical, . . . especially when th[e] issue involved the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct."); United States v. Brand, 467 F.3d 179, 196-201 (5th Cir. 2006) (images of child pornography found on defendant's computer were admissible under Rule 404(b) to show the defendant's intent, and were otherwise admissible to show his predisposition to have sex with person he believed was 13 years old ).  See also United States v. Long, 328 F.3d 655, 663 (D.C. Cir. 2003) (admitting adult pornographic and non-pornographic images possessed by the defendant as relevant to defendant's intent in possessing child pornography).

           C.     Evidence of the Defendant's Possession of Child Pornography and Erotica is Admissible under Fed. R. Evidence 414

      The government hereby gives notice to the defendant of its intention to seek to admit evidence of the defendant's possession of child pornography and child erotica pursuant to Federal Rule of Evidence 414.

Rule 414 governs the admission of evidence of similar crimes in child molestation cases. It too requires notice be given to the defendant of the government's intent to introduce such

evidence at least fifteen (15) days before trial begins.  See Fed. R. Evid. 414(b).[2]  Rule 414

contemplates that the government will provide the defendant with information regarding the

evidence of "another offense or offense of child molestation" that the government will seek to

admit in a criminal case in which a defendant is charged with "an offense of child molestation."

See Fed. R. Evid. 414(a).  Such notice may include the "statements of witnesses or a summary of

the substance of any testimony that is expected to be offered."  See Fed. R. Evid. 414(b).

The general prohibition against the admission of propensity evidence under Rule 404(b),

does not apply in sexual abuse cases.  See Fed. R. Evid.  413-415.  Specifically, in child

molestation cases, evidence that a defendant committed "other offenses or other offenses of child

molestation" is admissible "and may be considered for its bearing on *any matter* to which it is

relevant," see Fed. R. Evid. 414(a) (emphasis added), including the defendant's propensity to

commit sexual assaults or to molest children.   See Cong. Rec. H-8991-92 (Aug. 21, 1994), cited

following Fed. R. Evid. 413 ("The new rules will supercede in sex offense cases the restrictive

aspects of Federal Rule of Evidence 404(b) . . . . [T]he new rules . . . authorize admission and

consideration of evidence of an uncharged offense for its bearing 'on any matter to which it is

relevant' . . . includ[ing] the defendant's propensity to commit sexual assault or child molestation

offenses.").  Such evidence is admissible regardless of whether it resulted in prosecution or

conviction and no time limit is imposed on the uncharged offense.  Indeed, evidence of similar

sexual offenses is admissible even where there has been a substantial lapse of time between those

offenses and the charged offense.  See id. (citing United States v. Hadley, 918 F.2d 848, 850-51

---

[2]  The defendant's trial is scheduled to begin on October 1, 2007.  The government's
notice of its intent to introduce evidence pursuant to Rules 404(b) and 414, is therefore timely.

(9th Cir. 1990, <u>cert. dismissed</u>, 113 S.Ct. 486 (1992) (admitting evidence of offense occurring 10 years earlier); <u>State v. Plymate</u>, 345 N.W.2d 327 (Neb. 1984) (admitting evidence of defendant's commission of other child molestation more than 20 years earlier).[3]

Rule 414 is applicable in the instant case because both a charged offense and the evidence that the government seeks to admit are offenses of child molestation as defined by Fed. R. Evid. 414(d):

> . . . for purposes of this rule, "child" means a person below the age of fourteen and "offense of child molestation" means a crime under Federal law or the law of a State . . . that involved--
>
> > (1) any conduct proscribed in Chapter 109A of title 18, United States Code, that was committed in relation to a child;
> >
> > (2) any conduct proscribed by Chapter 110 of title 18, United States Code;

The defendant is charged in Count Two of the Indictment with Interstate Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b). The charged offense involves defendant's traveling from Maryland to the District of Columbia to engage in a sex act with a ten year old girl. Such conduct is specifically proscribed in Chapter 109A, Section 2241(c), Aggravated Sexual Abuse with Children, which penalizes "...cross[ing] a State line with intent to engage in a sexual act with a person who has not attained the age of 12 years. . . " In fact, the "Traveling" charge brought under § 2423(b) in Count Two of the Indictment is virtually identical to the "Aggravated Sexual Abuse" charge contained in Chapter 109A, save the

---

[3] In this regard, Rule 414 is consistent with the D.C. Court of Appeals' view that evidence of an "unusual sexual preference" may be admitted solely to prove predisposition. <u>See</u>, <u>e.g.</u>, <u>Howard v. United States</u>, 663 A.2d 524, 529 (D.C. 1995); <u>Feaster v. United States</u>, 631 A.2d 400 (D.C. 1993); <u>Johnson v. United States</u>, 610 A.2d 729, 730 (D.C. 1992); <u>Pounds v. United States</u>, 529 A.2d 791, 793-94 (D.C. 1987); <u>Adams v. United States</u>, 502 A.2d 1011, 1015 (D.C. 1986).

age requirement included in the latter offense. In short, the charged offense under § 2423(b)

qualifies as an "offense of child molestation" for purposes of Rule 414 because the defendant is

charged under a statute proscribing the same conduct as that proscribed in 109A.[4]

Furthermore, this inclusive interpretation of Rule 414 is not only reasonable given the

plain language of the rule, but actually necessary to give the rule effect. Because Rule 414(d)

defines an "offense of child molestation" as "a crime under Federal law or the law of a State",

and a state offense cannot be charged under the U.S. Code, to interpret the rule to mean that a

child molestation offense is an offense that could be charged under Chapter 109A or 110 of the

U.S. Code would render the Rule nonsensical. Therefore, an "offense of child molestation" must

necessarily mean an offense that involves conduct proscribed in certain chapters of the U.S.

---

[4] For Rule 414 to be applicable, it is not necessary that the defendant be charged with an offense in Chapter 109A or 110; it is sufficient that the charged offense involve conduct proscribed in one of those chapters. See United States v. Blazek, 431 F.3d 1104, 1108 - 09 (8th Cir. 2005). In Blazek, the defendant was charged, as in this case with Attempted Enticement of a Minor and Interstate Travel for the Purpose of Engaging in Illicit Sexual Conduct in violation of of 18 U.S. C. §§ 2422(b) and 2423b). At trial, the government introduced evidence of the defendant's prior acts of sexual assaults of children pursuant to Fed. R. Evid. 413. On appeal, the defendant asserted that the evidence was improperly admitted because he was not charged with an offense of sexual assault contained in Chapter 109A. The Court of Appeals rejected his argument, holding that the language of the rule required only that the charged offenses involve conduct proscribed in Chapters 109A and 110 (which is identical to that of Rule 414), in which the court applied analogous reasoning in a sexual assault case under Rule 413 (emphasis added):

> Rule 413(d) defines an "offense of sexual assault" to include any federal or state crime "that involved-(1) any conduct proscribed by chapter 109A of title 18, United States Code." Rule 413 *does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A*. Here, Count Two charged Blazek with violating 18 U.S.C. § 2423(b) by traveling in interstate commerce for the purpose of "knowingly engaging in a sexual act with a person who has attained the age of 12 years but has not attained the age of 16 years." That conduct is proscribed by chapter 109A. *See* 18 U.S.C. § 2243. Thus, the district court properly ruled that the prior conviction evidence was admissible under Rule 413.

Code, and not exclusively conduct that may be charged under the Code.

Evidence that the defendant possessed child pornography and erotica is clearly relevant to in the instant case to show the defendant's unusual sexual preference for prepubescent girls and his propensity to commit the charged offenses. The D.C. Circuit Court recognized the unusual sexual preference exception over 60 years ago in <u>Hodge v. United States</u>, 126 F.2d 849 (D.C. Cir. 1942), and, along with the D.C. Court of Appeals, it has consistently allowed such evidence to be admitted in sexual abuse cases. <u>See</u>, <u>e.g.</u>, <u>Long</u>, 328 F.3d at 661-62  (allowing testimony of two boys who were not the victims in the case to testify about the defendant's prior abuse of them); <u>Pounds</u>, 529 A.2d at 794 (admitting prior acts of child sexual abuse of same victim in incest case); <u>Howard</u>, 663 A.2d at 527-30 & n.7  (evidence that defendant had sex with little girl admissible in sexual assault case of another little girl).

Subsequently, Congress enacted  Congress added Fed. R. Evid. 414 which  expressly permits evidence that a defendant has committed an offense involving the sexual molestation of a child to be admitted as evidence of his propensity to commit other child sexual molestation offenses. <u>See</u> Fed. R. Evid. 414(d)(2) -(d)(4) (West 2006).  Possession of child pornography is a child molestation offense within the meaning of the rule, and evidence of the  defendant's collecting  child pornography should be admitted to show his propensity to commit other sexual offenses involving children.

That position is supported by Congress' belief that there is a direct connection between child pornography and pedophilia.  Indeed, in enacting Section 2251, Congress expressly found that,

> [C]hild pornography is often used by pedophiles and child sexual abusers to stimulate and whet their own sexual appetites, and as a model for sexual acting out with children; such use of child pornography can desensitize the viewer to the pathology of sexual abuse or exploitation of children, so that it can become acceptable to and even preferred by the viewer. . . . [I]t [child pornography] inflames the desires of child molesters, pedophiles and child pornographers who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials; the sexualization and eroticization of minors through any form of child pornographic images . . . encourag[es] a societal perception of children as sexual objects and lead[s] to further sexual abuse and exploitation of them[.]

See Pub. L. No. 104-208, Sept. 30, 1996, cited following 18 U.S.C. § 2251 (West 2006).

Similarly, in adding Rules 413 through 415 to the Federal Rules of Evidence, Congress sought to loosen the "restrictive aspects" of Rule 404(b) and make admissible in sexual abuse cases, all evidence that demonstrates a defendant's "sexual or sado-sexual interest in children – that simply does not exist in ordinary people."  See Cong. Rec. H8991-92, Aug. 21, 1994, cited following Fed. R. Evid. 413 (West 2006).

Evidence that the defendant possessed sexually suggestive images as well as pornographic images of young girls is also relevant to demonstrate his unusual sexual preferences and propensity  commit sexual offenses involving such children.  See Forrest, 429 F.3d at 79-80 (where defendant was charged with producing child pornography, his possession of pornographic and non-pornographic images of adult men was admissible under Rule 404(b)).

            D.    Evidence of the Defendant's Possession of Child Pornography and Erotica is Admissible under Fed. R. Evidence 403

All evidence, whether admissible under Rule 404(b) or Rule 414, is subject to the strictures of Rule 403.  Thus, the admissibility of other crimes or bad acts evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue in the case, see Fed.

R. Evid. 404(b), including propensity, see Fed. R. Evid. 414, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. See United States v. Moore, 732 F.2d 983, 987, 989 (D.C. Cir. 1984); Huddleston v. United States,  485 U.S. at, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[5]

For the reasons set forth above, the evidence at issue is relevant to prove both the defendant's intent to commit the charged offenses, and with respect to the offense of Interstate Travel to Engage in Illicit Sexual Conduct, his propensity to do so.  Moreover, the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant.   The evidence shows his unusual sexual preference – and tends to negate the possibility of the defendant's lack of criminal intent, an issue . - an issue clearly  raised by the defendant's statements that he would meet the undercover officer only to engage in "a fantasy".

Moreover, the danger that the jury would impermissibly infer the defendant's propensity

---

[5] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 404(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. at 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id.  And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct.  Ibid.

to commit the charged offense, is not present where Rule 414 explicitly permits the jury to draw

that very inference. In amending the Federal Rules of Criminal Procedure to allow propensity

evidence in sexual abuse cases, Congress explained that "[t]he practical effect of the new rules is

to put evidence of uncharged offenses in sexual assault and child molestation cases on the same

footing as other types of relevant evidence that are not subject to a special exclusionary rule."

See Cong. Rec. H8991-92, Aug. 21, 1994, cited following Fed. R. Evid. 413. "The

presumption," it said, "is in favor of admission" as such evidence "is typically relevant and

probative" and its <u>probative value is normally not outweighed by any risk of prejudice or other</u>

<u>adverse effects." See id</u>.[6] (emphasis added). Moreover, even if the Court were to conclude that

some of the evidence which the government seeks to admit may not be considered for propensity,

it can instruct the jury in the beginning of the trial and in its final charge regarding permissible

purposes for which the evidence may be used.

---

[6] Congress further explained its legislative reasoning for allowing propensity evidence in sexual abuse cases as follows:

> The proposed reform is critical to the protection of the public from rapists and child molesters, and is justified by the distinctive characteristics of the cases it will affect. In child molestation cases . . . a history of similar acts tends to be exceptionally probative because it shows an unusual disposition of the defendant -- a sexual or sadosexual interest in children -- that simply does not exist in ordinary people. Moreover, such cases require reliance on child victims whose credibility can readily be attacked in the absence of substantial corroboration. In such cases, there is a compelling public interest in admitting all significant evidence that will illuminate the credibility of the charge and any denial by the defense.

See Cong. Rec. H8991-92, Aug. 21, 1994, cited following Fed. R. Evid. 413.

IV.    CONCLUSION

In summary, evidence that the defendant possessed child pornography and erotica should be admitted in this case pursuant to Rules 404(b) and 414 to prove his intent to commit the charged offenses, and pursuant to Rule 414 to as evidence of his propensity to do so. WHEREFORE, for the above-stated reasons, the government respectfully requests that this Court grant its motion *in limine* to admit the proposed evidence pursuant to Rule 404(b) and Rule 414 of the Federal Rules of Evidence.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____
Julieanne Himelstein
Assistant U.S. Attorney
555 4th Street, N.W., 4th Floor
Washington, D.C.  20530
(202) 514-8203

14

## CERTIFICATE OF SERVICE

We hereby certify this _____ day of June 2007, that a true and correct copy of the Government's Motion In Limine to Admit Evidence Pursuant to Rules 404(b) and 414, was served upon defense counsel, Shawn Moore, Esquire.

_____
Julieanne Himelstein
Assistant U.S. Attorney